IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAGALE BROWN ROSTICK,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1179 |
| | : | |
| **VERIZON NEW YORK** | : | |
| **CORPORATE HQ,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                       **APRIL 10, 2023**

Plaintiff Lagale Brown Rostick brings this *pro se* civil action alleging violations of her constitutional rights. Rostick has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Rostick leave to proceed *in forma pauperis* and the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   **FACTUAL ALLEGATIONS**

Rostick commenced this matter by filing a Complaint, naming as Defendants "Verizon New York Corporate HQ" and "FBI Headquarters" and asserting that her constitutional rights were violated. (*See* Compl. at 3.)[1] Rostick's Complaint is lengthy, disjointed, and contains

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court notes that Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). The Complaint does not contain a hand placed signature, but rather, contains an electronic signature. Under the discretion afforded by the Standing Order issued on May 13, 2020, *see In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19*, (E.D. Pa. May 13,

numerous allegations regarding non-party individuals.  (*See id.* at 4-18.)  Nonetheless, the Court understands Rostick to allege that her intellectual property has been stolen because non-party Richard T. Ellis has stalked her and has used technology to hear her thoughts.  (*Id.* at 4-9.)  She contends that, "Tier 3 said that Richard T. Ellis contracted James Radcliff to manufacture devices using Verizon 1G to compromise my body as a digital receptor to listen to my thoughts and conversations."  (*Id.* at 4.)  Rostick further claims that "over 30 inventions have been stolen based upon Verizon's IP being compromised."  (*See id.* at 4-9.)[2]  According to Rostick, she has lost most of her hair "due to these attacks" and has "gained over 200 pounds cumulatively since 2020 due to the use of pollutants from Verizon and the Department of Energy, and their contractors."  (*Id.* at 10.)  Rostick's Complaint also contains what appears to be excerpts from various articles and caselaw regarding the use of biometrics and mind control techniques, as well as email correspondence from 2021 regarding Rostick's medical conditions.  (*See id.* at 10-14.)  As relief, Rostick seeks, *inter alia*, money damages, injunctive relief, and for unknown individuals to be criminally prosecuted.  (*See id.* at 15-17.)

**II.     STANDARD OF REVIEW**

The Court will grant Rostick leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies.  Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915

---

2020), the Court will accept this electronic signature as compliant with Federal Rule of Civil Procedure 11.

[2] Rostick also alleges that Kendrick Lamar "hacks" her son and his cousins, and steals their lyrics.  (Compl. at 4.)

"embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Rostick is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Although Rostick's Complaint is rambling and fantastical, it appears that she seeks to pursue this matter as a civil rights case. Accordingly, the Court will construe the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[3]

Rostick may not proceed on her claims, however, because her allegations, to the extent decipherable, are wholly incredible and clearly frivolous. As discussed above, Rostick generally alleges that her constitutional rights have been violated because her thoughts have been read and her intellectual property has been stolen. The Court has thoroughly reviewed Rostick's filing and cannot discern any plausible basis for a non-frivolous claim within the Court's jurisdiction upon which she could move forward. *See, e.g., Ackerman v. Mercy Behav. Health*, 621 F. App'x 711, 714 (3d Cir. 2015) (affirming dismissal because "there is no logical construction of the complaint from which to derive a legal claim for which relief is available in federal court"); *see*

---

[3] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

*also Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"), *aff'd*, 845 F. App'x 106 (3d Cir. 2021); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-22 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)).

There are other defects in Rostick's claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Rostick has failed to plausibly allege any facts demonstrating that Defendant "Verizon New York Corporate HQ" is a state actor liable under § 1983. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). Additionally, even assuming

*Bivens* applies in this context,[4] sovereign immunity bars Rostick's claims against Defendant "FBI Headquarters." *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities."). Moreover, to the extent that Rostick requests this court to investigate her claims and initiate criminal prosecutions, the Court cannot provide the remedy she seeks. *See Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) (*per curiam*) (affirming dismissal of plaintiff's "Motion for Court to Investigate []" because, *inter alia*, "there is no federal right to require the government to initiate criminal proceedings.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Berrigan*, 482 F.2d 171, 173-74 (3d Cir. 1973)).

Reading the Complaint as a whole, and construing it in a light most favorable to Rostick, the Court concludes that Rostick's allegations lack a factual basis and do not support any plausible constitutional claim. Therefore, the Court will dismiss the Complaint in its entirety. *See Price v. Fed. Bureau of Investigation*, 845 F. App'x 106, 108 (3d Cir. 2021) (*per curiam*). The Court will not address any additional defects in light of the dismissal of the Complaint for lack of a factual basis.

---

[4] *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."); *Vanderklok*, 868 F.3d at 199 (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action"); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("When asked to imply a *Bivens* action, our watchword is caution." (internal quotations omitted)).

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, dismissing this case.

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**